# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STEVEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:14-CV-469 |
| | ) |
| WEIGEL BROADCASTING, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on: (1) Defendant Red Wing Shoe Company and Joseph Faeck's Motion to Dismiss, filed on March 5, 2015 (DE #15); and (2) Defendant Weigel Broadcasting, Inc's Motion to Dismiss filed on March 31, 2015 (DE #25). For the reasons set forth below, the motions are **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the case **WITHOUT PREJUDICE**.

BACKGROUND

On December 29, 2014, Steven Brown, through his Attorney, George M. Petrich, filed a complaint against Weigel Broadcasting, Red Wing Shoe Company, Inc., and Joseph Faecke. The complaint alleges a state law claim for conversion and asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332. The civil cover sheet submitted with the complaint identifies the Plaintiff, Steven Brown, as a citizen of Indiana and further

indicates that he resides in Lake County, Indiana. The complaint asserts that Weigel Broadcasting is an Indiana Corporation, and that Red Wing Shoe Company, Inc. is a foreign corporation.

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff filed responses to the motions on April 17, 2015, and the matter is now ripe for adjudication.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Under 28 U.S.C. § 1332(a)(1), a federal district court has "original jurisdiction of all civil actions where the matter in

2

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between *citizens of different States*." (emphasis added). When a district court's jurisdiction is based on 28 U.S.C. § 1332, there must be complete diversity between the opposing parties. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

As a general rule, when the court has jurisdiction under 28 U.S.C. § 1332, complete diversity must be established at the beginning of the action and subsequent events do not affect the court's diversity jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). However, if an amended pleading is filed by a party, the original pleading is irrelevant and the amended pleading controls the court's jurisdictional analysis. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (explaining that the plaintiff's first amended complaint controlled the court's jurisdictional inquiry, not the original complaint).

In light of the principles discussed above, the present case must be dismissed in its entirety for lack of subject matter jurisdiction. Plaintiff's response notes that "Plaintiff and two defendants are citizens of Indiana, but the third defendant, Red Wing Shoe Company, Inc., is a foreign corporation, Minnesota." (DE #27 at 1; DE #28). Additionally, Defendant Joseph Faecke has

submitted an affidavit demonstrating that he is both a citizen and resident of Indiana. Accordingly, there is not complete diversity of citizenship.

Plaintiff responds to the motions to dismiss by noting that:

> Case law cited in the motion to dismiss misses the point. The issue is "complete" diversity and/or "balanced" diversity (I guess). Interpleader actions permit unbalanced diversity, the federal courts being available to insurance companies. Plaintiff would ask this court to accord him his day in court here, in Hammond, in this commodious building, this edifice adjacent to Russell St., where the Lake County court has a courtroom where counsel for plaintiff may not tread, being sans portfolio. What if plaintiff joined two more Minnesota entities, creating three parties form Indiana and three from Minnesota? Would that be "complete" and/or "balanced" diversity? Would the scales of justice be in balance? Amended complaint would add "John Doe and Jane Doe, residents of Minnesota and agents of Red Wing Shoe Company, acting individually to exploit plaintiff that our employer be unjustly enriched, its good fortune inuring to our benefit by a raise in salary or a bonus.

(DE #27). Plaintiff then asks this Court to hold off ruling on the instant motions and allow him to amend his complaint accordingly, and notes that "[a] concomitant benefit of a refusal to dismiss is continued employment by your humble scrivener." (*Id.*).

First, Plaintiff failed to file a separate motion to amend his complaint. N.D. Ind. L.R. 7-1 provides that motions must be filed separately.

4

Second, Plaintiff cites no caselaw in his response and takes a position that appears utterly meritless. Complete diversity is required, he has conceded that it does not exist, and his assertion that "balanced" diversity will suffice is offered without any citation to legal authority whatsoever.

Lastly, even if Plaintiff had filed a motion to amend separately as required by this Court's local rules, the amendment he proposes does nothing to solve the jurisdictional problem raised by the instant motions to dismiss. There is not complete diversity between the plaintiff and the defendants and adding two more defendants from Minnesota does not fix the problem. Accordingly, the proposed amendment to the complaint would be futile.

This Court is not certain what counsel is referencing when he says he "may not tread" in a Lake County court and regrets that, for reasons unclear to this Court, this ruling may render him unable to continue his employment on behalf of Plaintiff, but those considerations have no place in this Court's determination of whether subject matter jurisdiction is present.

CONCLUSION

For the reasons set forth above, the Defendants' motions to dismiss (DE ## 15, 25) are **GRANTED**. The Clerk is **ORDERED** to **DISMISS** the case **WITHOUT PREJUDICE**.

**DATED: April 23, 2015**               /s/ RUDY LOZANO, Judge
                                        **United States District Court**